Boris S. Nadiak v. Commissioner.
Nadiak v. Commissioner
Docket No. 2042-68.
United States Tax Court
T.C. Memo 1969-280; 1969 Tax Ct. Memo LEXIS 14; 28 T.C.M. (CCH) 1445; T.C.M. (RIA) 69280; December 22, 1969, Filed Boris S. Nadiak, pro se, 183 Hoover Ave., Kenmore, N.Y. John D. Steele, Jr., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: A deficiency has been determined by the Commissioner in the income tax of petitioner for the taxable year 1964 in the amount of $145.56. The issues presented by the pleadings are: (1) whether respondent has erred in disallowing 1446 dependency exemption *15 deductions for the two minor children of petitioner, and (2) whether petitioner is entitled to such deductions as the head of a household. Another issue raised in the pleadings is whether petitioner has a right to a hearing before the appellate division of the Internal Revenue Service. As to the latter issue, this Court has no jurisdiction and it is therefore not discussed herein. Findings of Fact The facts which have been stipulated are found. At the time of the filing of the petition herein, the petitioner's legal residence was Kenmore, New York. Petitioner timely filed his income tax return for the taxable year 1964 with the district director at Buffalo, New York. Two children were born to petitioner and his former wife, their names being Nadia and Samuel Nadiak, and their respective birth dates being December 15, 1951, and December 20, 1953. Petitioner and his wife were divorced on August 28, 1958, the wife being granted custody of the two children by the decree of divorce. During the entire year at issue, the children resided with their mother. By way of support moneys ordered in the decree, petitioner paid for the support of the children during 1964, $1,200.49. Ultimate *16 Findings of Fact Petitioner did not provide more than half the support for his two children during 1964. Petitioner's two children did not reside in a home provided by him during 1964. Opinion Petitioner's pleading raises an issue with respect to his right to a hearing before the appellate division of respondent. We have no jurisdiction with respect thereto and therefore do not discuss it herein. Petitioner claims the right to deduct a $600 exemption with respect to each of his children as his dependents under section 151(e) of the Internal Revenue Code of 1954. He has utterly failed to establish by any evidence in the record what the total cost of their support amounted to in 1964, with the result that we have no basis upon which to determine whether he furnished more than one-half thereof as required by section 152(a). For failure of proof sufficient to overcome the presumption of correctness of respondent's determination on this issue, we uphold respondent's determination. Petitioner has also failed to establish that he was the head of a household during 1964, for it is stipulated that the children, whom petitioner claims as dependents under this *17 theory, did not reside with him during that year. See section 152(a) (9), I.R.C. 1954. Decision will be entered for the respondent.